**STATE OF RHODE ISLAND**
**NEWPORT, Sc.**

**SUPERIOR COURT**

**JUDITH A. CHOICE,**
**Plaintiff** :

**v.** :

**BRISTOL-MYERS SQUIBB CO. and**
**JOSEPH DELICA,**
**Defendants** :

## COMPLAINT

1. Plaintiff, Judith A. Choice, is a resident of Newport County, State of Rhode Island and was born on March 26, 1957.

2. Defendant, Bristol-Myers Squibb Co. ("Bristol-Myers"), is a corporation duly organized and existing under the laws of Plainsboro, N.J., engaged in the business of pharmaceuticals with its principal place of business located at 777 Scudders Mill Lane, Plainsboro, N.J.

3. Defendant, Joseph DeLuca ("DeLuca"), formerly employed by Bristol-Myers Squibb and was plaintiff's supervisor from approximately January 2004 through June 2005. He is currently employed by Sanofi-Aventis. A company which is a Joint Venture with Bristol-Myers Squibb.

4. Plaintiff began employment with Bristol-Myers Squibb in or about April, 2000 in the capacity of territory business manager.

5. As part of the compensation package, plaintiff was promised quarterly bonuses based on sales.

6. with Bristol-Myers Plaintiff ably performed the duties assigned to her throughout her employment Squibb and there were no complaints as to her work performance prior to or after the time she was supervised by DeLuca.

7. During the time she was supervised by DeLuca, plaintiff was subjected to derogatory comments and excessive demands by DeLuca to which other employees were not subjected such as:

   a. performing extra duties;
   b. requiring her to spend an inordinate amount of time with DeLuca accompanying her to sales calls;
   c. belittling her in front of her co-workers;
   d. following and harassing her in front of hundreds of industry people.

8. Plaintiff complained to BMS Human Resources about DeLuca's behavior but DeLuca persisted in his discriminatory treatment of plaintiff.

9. From in or about March of 2005 through May of 2005, plaintiff took a two-month medical leave of absence as a result of the stress and emotional toll caused by DeLuca's behavior toward her.

10. On or about September 23, 2005, Bristol-Myers Squibb terminated plaintiff's employment with the company alleging that eight (8) months before, on January 27, 2005, she had falsified a date on a sampling date, in violation of the Sample Accountability Policies and Procedures.

11. By so terminating plaintiff, Bristol-Myers Squibb failed to follow its four-step sample non-compliance progressive discipline policy which provides for a verbal warning, a letter of concern, and probation, prior to termination.

12. Upon information and belief, Bristol-Myers Squibb did not similarly punish other employees who had engaged in similar or worse acts.

13. Upon information and belief, DeLuca was actively attempting to denigrate plaintiff to his superiors.

14. On or about October 31, 2005, plaintiff inquired of Bristol-Myers Squibb regarding payment of the bonus money she had earned prior to her termination.

15. In or about December 2005, Bristol-Myers Squibb informed plaintiff that it refused to pay to plaintiff any bonus money although plaintiff's sales had met or exceeded the bonus target figures for the quarter ending September 30, 2005, a mere seven days after her termination.

16. On or about November 23, 2005, plaintiff was informed that Bristol-Myers replaced her in her position as territory business manager with a 30 year-old male previously hired by DeLuca.

## COUNT I

**(R.I. Gen. Laws §42-112-1, et seq. - Defendants Bristol-Myers Squibb and DeLuca)**

17. Plaintiff re-avers and incorporates herein the allegations contained in paragraphs 1 through 16 above.

18. Because of plaintiff's age and/or gender, the defendants subjected plaintiff to disparaging comments and excessive demands, terminated her from her employment, and denied her the bonus compensation she had earned.

19. The above referenced acts of Bristol-Myers Squibb and DeLuca constituted unlawful discrimination against the plaintiff in violation of R.I. Gen. Laws § 42-112-1, et seq.

20. Defendants' stated cause for termination of plaintiff's employment and refusal to pay her bonuses earned prior to her termination is a pre-text for unlawful discrimination.

21. As a result of defendants' conduct, plaintiff has been and continues to be damaged including loss of income, loss of benefits, and emotional distress.

WHEREFORE, plaintiff demands compensatory damages sufficient to invoke the jurisdiction of this court, punitive damages, attorneys' fees pursuant to R.I. Gen. Laws §42-112-2, costs, interest and such further relief as this court deems meet and just.

**COUNT II**

**(Intentional Interference with Business Relationship – Defendant DeLuca)**

22. Plaintiff re-avers and incorporates herein the allegations contained in paragraphs 1 through 21 above.

23. DeLuca knew of plaintiff's business relationship with Bristol-Myers Squibb.

24. DeLuca acted intentionally, without justification, and for an improper purpose in influencing Bristol-Myers Squibb to terminate plaintiff's employment with the company.

25. As a direct and proximate result of DeLuca's actions, plaintiff incurred loss of income and benefits, and emotional distress.

26. As a direct and proximate result of DeLuca's actions, plaintiff has been and continues to be harmed.

WHEREFORE, Plaintiff demands compensatory damages sufficient to invoke the jurisdiction of this court, punitive damages, attorneys' fees, costs and interest and such further relief as this court deems meet and just.

## COUNT III

**(Breach of Contract - Defendant Bristol-Myers Squibb)**

27. Plaintiff re-avers and incorporates herein the allegations contained in paragraphs 1 through 26 above.

28. Bristol-Myers Squibb's conduct in refusing to pay plaintiff bonus money she earned pursuant to the explicit terms of her employment constitutes breach of contract.

29. Bristol Myers Squibb's conduct in terminating plaintiff seven days prior to the end of the quarterly bonus period for alleged misconduct occurring eight months earlier, constitutes a breach of the covenant of good faith and fair dealing.

30. By Bristol-Myers Squibb's breach of contract and breach of the covenant of good faith and fair dealing, plaintiff has been and continues to be damaged.

WHEREFORE, Plaintiff demands compensatory damages sufficient to invoke the jurisdiction of this court, attorney fees pursuant to R.I. Gen. Laws § 9-1-45, costs and interest and such further relief as this court deems meet and just.

**Plaintiff demands a trial by jury on all issues so triable.**

Plaintiff, Judith A. Choice,
By her attorneys,

Jeanne M. Scott #6178
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903
401-331-2222 (tel.)
401-751-5257 (fax)